# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DAVID A. FARMER,

        Petitioner,    :    Case No. 3:15-cv-389

- vs -    District Judge Thomas M. Rose
    Magistrate Judge Michael R. Merz

JASON BUNTING, Warden,
 Marion Correctional Institution,

    :

        Respondent.

# REPORT AND RECOMMENDATIONS

David Farmer brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to obtain relief from his conviction in the Montgomery County Common Pleas Court on two counts of rape and one count of gross sexual imposition and his consequent sentence to twenty years to life imprisonment (Petition, ECF No. 2, PageID 2). The case is before the Court for initial review pursuant to Rule 4 of the Rules Governing § 2254 Cases which provides in pertinent part: "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

**Procedural History**

Farmer was arrested in 2007 for rape of and gross sexual imposition upon a young child.

1

*State v. Farmer*, 2014-Ohio-2812, ¶ 3, 2014 Ohio App. LEXIS 2756 (2nd Dist. Jun. 27, 2014).[1]

He was convicted at trial and sentenced to twenty to life, with the conviction being affirmed on direct appeal. *State v. Farmer*, 2009-Ohio-6013, 2009 Ohio App. LEXIS 5052 (2nd Dist. Sept. 13, 2009). Three and one-half years later, he filed in the trial court a motion for leave to file a delayed motion for new trial. *State v. Farmer,* 2014-Ohio-2812 at ¶ 3. The trial court denied the motion and Farmer appealed, but the court of appeals affirmed. *State v. Farmer, supra.* The Ohio Supreme Court declined to exercise its discretionary jurisdiction over a subsequent appeal. *State v. Farmer*, 140 Ohio St. 3d 1467 (2014), and Farmer filed the instant habeas petition slightly less than a year later.[2]

## Analysis

Farmer pleads the following single ground for relief:

> **Ground One:** Violation of constitutional amendments 6 and 14 that show an unreasonable application of Supreme Court law.
>
> **Supporting Facts:** Petitioner's due process rights were violated where state prosecutor(s) breached its duty by acting in combination with an impaired advocate to withhold exculpatory and impeachment evidence that was invalid and unreliable, upon which, more likely than not, no reasonable juror would have [otherwise] convicted Petitioner, absent the unreliable evidence, and where state court decision(s) were contrary to Supreme Court precedent.

(Petition, ECF No. 2, PageID 6.)

---

[1] References hereinafter to "*State v. Farmer*" are to this opinion.
[2] Although the Petition was not received by the Clerk until October 27, 2015, Farmer avers that he deposited it in the prison mail system on October 5, 2015, making the filing timely under *Houston v. Lack,* 487 U.S. 266 (1988).

Farmer supports his claims with an additional three pages of argument. He asserts that the State's DNA expert, Amy Rismiller, had been, previous to his trial, disciplined in connection with her DNA work in other cases, but that this was not revealed to him prior to trial. *Id.* at PageID 7. On its face, this states a claim for habeas corpus relief under *Brady v. Maryland*, 373 U.S. 83 (1963). He asserts his own trial attorney failed to investigate Rismiller's background; had he done so, Farmer at least inferentially asserts, he would have discovered the discipline. *Id.* This states a claim for relief for ineffective assistance of trial counsel under *Strickland v. Washington,* 466 U.S. 668 (1984).

Farmer did not present either of these constitutional claims to the Ohio courts in the terms he presents them here, i.e., as prosecutorial misconduct under *Brady* or ineffective assistance of trial counsel under *Strickland*. Instead, he presented a claim that he was entitled to a new trial on the basis of newly-discovered evidence.

As Judge Hall pointed out in his opinion on appeal, Ohio law allows a motion for new trial based on newly-discovered evidence to be filed within 120 days after the verdict. Ohio R. Crim. P. 33(A)(6). Such a motion must be based on evidence in fact discovered after trial and which could not have been discovered and produced at trial in the exercise of due diligence. *Id.* Once the 120 days has expired, a defendant must obtain leave of court to file a delayed motion for new trial and must prove "by clear and convincing evidence that the defendant was unavoidably prevented from discovering the evidence sooner." *Id.*

A federal habeas court can review the denial of a motion for new trial only for constitutional error. To establish a constitutional due process claim, a petitioner must demonstrate that the trial court's denial of his motion for new trial was "so egregious" that it

3

violated his right to a fundamentally fair trial. *Pudelski v. Wilson*, 576 F.3d 595, 611 (6th Cir. 2009), citing *Fleming v. Metrish*, 556 F.3d 520, 535 (6th Cir. 2009); *Baze v. Parker*, 371 F.3d 310, 324 (6th Cir. 2004*).* To put it another way, Farmer cannot have this Court pass on his *Brady* and *Strickland* claims because he never presented them to the state courts and he has no available way to present those claims because his time limit for filing a petition for post-conviction relief under Ohio Revised Code § 2953.21 has long since expired. To prevail in this Court, he must show that a trial at which Rismiller's prior discipline was not disclosed deprive him of a fundamentally fair trial.

The Common Pleas Court denied Farmer's motion as it related to Ms. Rismiller upon three findings:

> (1) that her name and contact information were provided in discovery and defense counsel could have questioned her about her DNA handling practices before trial; (2) that the *Scott* decision was issued on April 30, 2010 and Farmer had failed to explain why he waited until May 23, 2013 to seek leave to file a delayed new-trial motion; and (3) that the non-disclosure of Rismiller's past discipline did not materially affect his substantial rights or deny him a fair trial in any event

*State v. Farmer, supra,* ¶ 6. The court of appeals only discussed the first two findings. It concluded it was not an abuse of discretion for the trial court to finds Farmer's trial attorney could have found out about the prior discipline by interviewing Rismiller before trial, since her name was revealed as a State's witness. *Id.* at ¶ 8. It held:

> **[*P11]** Similarly, the trial court here reasonably concluded that Farmer had not shown, by clear and convincing evidence, that he was *unavoidably prevented* from discovering information about Rismiller's prior discipline. As the trial court correctly noted, Farmer knew Rismiller's name and contact information. The record does not demonstrate that his attorney made any effort to speak

4

> with her. Under these circumstances, we cannot say the trial court abused its discretion in denying Farmer's motion for leave.

*Id.*

Independent of that finding, the court of appeals also concluded that Farmer's discovery of the prior discipline came about, as Farmer claimed, from his reading of *State v. Scott*, 2010-Ohio-1919, 2010 Ohio App. LEXIS 1576 (2nd Dist. Apr. 30, 2010), but that case was publicly released more than three years before Farmer filed his motion for a new trial. Both the trial and appellate courts found that to be an unreasonably long time to wait to file.

These two independent findings amount to a conclusion that that Farmer's claim to a new trial based on newly-discovered evidence was procedurally defaulted, either because he did not exercise due diligence in discovering the evidence before trial or waited unreasonably long in presenting it after trial.

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review. *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000)(citation

5

omitted); *Murray v. Carrier*, 477 U.S. 478, 485 (1986);  *Engle*, 456 U.S. at 110;  *Wainwright*, 433 U.S. at 87.

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
> . . . .
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin*, 785 F.2d at 138; accord, *Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th  Cir. 2002).

Here are Ohio has two relevant rules – evidence must be sought and presented with due diligence and once new evidence is discovered, it must be promptly presented.  These rules are adequate and independent of state law – they embody a compromise between presenting all relevant facts and barring relief to anyone who has not been diligent in presenting new evidence.

6

Farmer seeks to excuse his procedural defaults by blaming them on prosecutorial misconduct and ineffective assistance of trial counsel.  While those can be excusing cause, they did not assist Farmer here.  No behavior of the prosecutor prevented Farmer's lawyer from interviewing Rismiller before trial.  Farmer's trial lawyer's failure to do that might have been found to be ineffective assistance of trial counsel, but he never presented ineffective assistance of trial counsel as a claim to the state courts and those claims must first be presented to the state courts to serve as excusing cause.  *Edwards v. Carpenter*, 529 U.S. 446 (2000).

Even if it was deficient performance for Farmer's trial lawyer not to interview Rismiller before trial, Farmer would still have to prove prejudice.  On that issue, the trial court concluded failure to present the Rismiller impeachment information did not deny Farmer a fair trial.  Farmer has not shown how that conclusion is contrary to or an unreasonable application of Supreme Court precedent.  Even in *State v. Scott, supra,* while the court of appeals held that defendant should have been allowed to cross-examine Rismiller about the prior discipline, it found the trial court error harmless where there was ample other evidence of guilt.  In this case the victim testified, another eyewitness testified, and Rismiller's analysis showed that the victim's DNA was present on Farmer's penis.

Farmer also attempts to excuse his procedural defaults by claiming actual innocence (Petition, ECF No. 2, PageID 10).  However, he does nothing more to demonstrate actual innocence than to make the conclusory claim.  "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

7

**Conclusion**

Farmer's habeas corpus claims are barred by his procedural default in presenting them to the state courts.  His Petition should therefore be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

October 28, 2015.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).