# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DAVID A. FARMER,

        Petitioner,      :    Case No. 3:15-cv-389

  - vs -                            District Judge Thomas M. Rose
                                     Magistrate Judge Michael R. Merz

JASON BUNTING, Warden,
 Marion Correctional Institution,

                                :

        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus action is before the Court on Petitioner's Objections (ECF No. 4) to the Magistrate Judge's Report and Recommendations recommending the Petition be dismissed (the "Report," ECF No. 3). Judge Rose has recommitted the case for reconsideration in light of the Objections (ECF No. 5).

Farmer is serving a sentence of twenty years to life on his conviction for two counts of rape and one count of gross sexual imposition on a young child. His conviction was affirmed on appeal. *State v. Farmer,* 2009-Ohio-6013, 2009 Ohio App. LEXIS 5052 (2nd Dist. Nov. 13, 2009). His conviction therefore became final on direct appeal forty-five days later on December 28, 2009, when his time to appeal to the Ohio Supreme Court expired. Farmer did nothing until three and one-half years later when he filed a motion for leave to file a delayed motion for new trial under Ohio R. Crim. P. 33(B).

In order to be allowed to file a motion for new trial more than 120 days after verdict, a

1

defendant must show "by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely. . . ." Ohio R. Crim. P. 33(B).  The Common Pleas Court found that the relevant new evidence – prior disciplinary history of the State's DNA expert witness – was discoverable from the source in which Farmer found it as of April 30, 2010, and Farmer had not explained his three-year delay.  The Second District affirmed that finding.  *State v. Farmer*, 2014-Ohio-2812, 2014 Ohio App. LEXIS 2756 (2nd Dist. June 27, 2014).  After being denied review by the Ohio Supreme Court, Farmer filed his Petition for Writ of Habeas Corpus here October 27, 2015 (ECF No. 2).

Farmer pleads one ground for relief:

> **Ground One:** Violation of constitutional amendments 6 and 14 that show an unreasonable application of Supreme Court law.
>
> **Supporting Facts:** Petitioner's due process rights were violated where state prosecutor(s) breached its duty by acting in combination with an impaired advocate to withhold exculpatory and impeachment evidence that was invalid and unreliable, upon which, more likely than not, no reasonable juror would have [otherwise] convicted Petitioner, absent the unreliable evidence, and where state court decision(s) were contrary to Supreme Court precedent.

(Petition, ECF No. 2, PageID 6.)

The supporting facts as Farmer pleads them might be read as stating a claim for prosecutorial misconduct under *Brady v. Maryland*, 373 U.S. 83 (1963), or a claim of ineffective assistance of trial counsel under *Strickland v. Washington,* 466 U.S. 668 (1984).  However, as the Report notes, Farmer did not fairly present either of these constitutional claims to the state courts and they are thus barred by his procedural default.

2

There is no free-standing federal constitutional right to a new trial in a state criminal case upon the discovery of new evidence. Instead, the relevant federal constitutional right is the right to a fair trial. To prevail in a habeas corpus case complaining of denial of a new trial, a petitioner must show that the trial he actually received was fundamentally unfair in the absence of the new evidence. *Pudelski v. Wilson*, 576 F.3d 595, 611 (6th Cir. 2009), *citing Fleming v. Metrish*, 556 F.3d 520, 535 (6th Cir. 2009); *Baze v. Parker*, 371 F.3d 310, 324 (6th Cir. 2004*)*.

The "new" evidence on which Farmer relies is that the DNA expert at his trial had previously been disciplined regarding her handling of DNA evidence in another case. The Common Pleas Court denied Farmer's motion for leave to file a delayed motion for new trial on three bases:

> (1) that her name and contact information were provided in discovery and defense counsel could have questioned her about her DNA handling practices before trial; (2) that the *Scott* decision was issued on April 30, 2010 and Farmer had failed to explain why he waited until May 23, 2013 to seek leave to file a delayed new-trial motion; and (3) that the non-disclosure of Rismiller's past discipline did not materially affect his substantial rights or deny him a fair trial in any event.

*State v. Farmer, supra,* ¶ 6. Because a late movant for new trial must show he was unavoidably prevented from discovering the evidence in a more timely fashion, the first of these three reasons amounts to a finding of fact that Farmer was not unavoidably prevented from learning of the prior discipline even prior to trial because she was disclosed as a State witness. The second of these reasons amounts to a finding that Farmer had not shown why he waited three years after discovering the prior discipline to file his motion. The Second District affirmed on these two state law grounds. Those grounds are both adequate and independent state procedural grounds for decision that are independent of federal law. Therefore on each one of these bases, Farmer has procedurally defaulted on his claim, as the Report found (ECF No. 3. PageID 17).

In addition, of course, there was the third Common Pleas basis, to wit, that the nondisclosure of the prior discipline did not deprive Farmer of a fair trial.  The Report concluded that Farmer had not shown that conclusion was contrary to or an objectively unreasonable application of any Supreme Court precedent.  *Id.* at PageID 19.

The Report noted that Farmer "attempts to excuse his procedural defaults by claiming actual innocence (Petition, ECF No. 2, PageID 10). However, he does nothing more to Demonstrate actual innocence than to make the conclusory claim." *Id.* at 19.  The Report then noted that credible claims of actual innocence must be supported "with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Id. quoting Schlup v. Delo*, 513 U.S. 298, 324 (1995).

Farmer's Objections focus on his actual innocence claim.  He relies strongly on the post-*Schlup* decision in *House v. Bell,* 547 U.S. 518 (2006).  Farmer is correct that under *House*, the new evidence must be weighed against all the other evidence in the case to determine whether any reasonable juror could have found guilt beyond a reasonable doubt.

> In determining whether an applicant has met the requirements for establishing a cognizable claim of actual innocence, we apply the same actual-innocence standard developed in *Schlup v. Delo*, 513 U.S. 298, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995), for reviewing a federal habeas applicant's procedurally defaulted claim. *Souter*, 395 F.3d at 596. Under the *Schlup* standard, as adopted in *Souter*, the petitioner "must show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 327; see id. at 329 ("[T]he standard requires the district court to make a probabilistic determination about what reasonable, properly instructed jurors would do. Thus, a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."); see also *Souter*, 395 F.3d at 602. "[T]o be credible a gateway claim requires new

> reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *House v. Bell*, 547 U.S. 518, 126 S. Ct. 2064, 2077, 165 L. Ed. 2d 1 (2006) (internal quotation marks omitted). We must consider "all the evidence, old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial." *Id*. (internal quotation marks omitted).

*McCray v. Vasbinder*, 499 F.3d 568, 571 (6th Cir. 2007)(Sutton, J.)

But before a habeas court reaches this weighing stage, it must first find that there is genuinely new evidence of a certain quality – "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence." But Farmer offers nothing of that sort here. His "new" evidence is only evidence to impeach the credibility of the DNA expert. In *House* the new evidence was that the victim's blood on the defendant's pants, a critical identifying piece of evidence at trial, had probably gotten there because the pants and the vials of the victim's blood were shipped to the laboratory in the same box and one of the vials broke. Farmer has not presented new evidence of the quality required by *Schlup* and *House* and thus has not satisfied the actual innocence gateway requirements.

**Conclusion**

Based on the foregoing analysis, it is again respectfully recommended that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to

proceed *in forma pauperis*.

November 17, 2015.

s/ *Michael R. Merz*
United States Magistrate Judge

### 'NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).