IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

DAVID A. FARMER,

        Petitioner,    :    Case No. 3:15-cv-389

  - vs -                            District Judge Thomas M. Rose
                                      Magistrate Judge Michael R. Merz

JASON BUNTING, Warden,
 Marion Correctional Institution,

                                      :

        Respondent.

## REPORT AND RECOMMENDATIONS ON MOTION TO AMEND THE JUDGMENT

This habeas corpus case is before the Court on Petitioner David Farmer's Motion to Alter or Amend the Judgment (ECF No. 9). As a post-judgment matter, the Motion is deemed referred to the Magistrate Judge for report and recommendations under 28 U.S.C. § 636(b)(3).

The Motion does not contain a representation of its mailing date, but was purportedly signed on December 28, 2015. *Id.* at PageID 36. That makes the Motion timely under Fed. R. Civ. P. 59 because judgment was entered on December 22, 2015 (ECF No. 8).

A motion under Fed. R. Civ. P. 59(e) is not an opportunity to reargue a case. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)(citation omitted). Thus, parties should not use them to raise arguments which could and should have been made before judgment issued. *Id.* Motions under Rule 59(e) must establish either a manifest error of law or must present newly discovered evidence. *Id.* Petitioner does not present any new evidence, so the Motion must be evaluated under the manifest error of law branch of the *Engler*

test.

Petitioner's motion for leave to file a delayed motion for new trial in the Montgomery County Common Pleas Court was grounded in his claim that his trial was unfair because he was not given impeachment evidence related to the State's DNA expert in the case, Amy Rismiller. In recommending dismissal, the Magistrate Judge noted that Farmer had admittedly discovered the existence of this evidence – that Rismiller was previously disciplined for mishandling of DNA evidence in another case – when he read *State v. Scott*, 2010-Ohio-1919, 2010 Ohio App. LEXIS 1576 (2nd Dist. Apr. 30, 2010)(Report, ECF No. 3, PageID 17). As the Ohio courts noted, that decision was publicly released more than three years before Farmer filed his motion in the trial court. They found that to be an unreasonably long time to wait to file the delayed motion for new trial. *Id.* The Report concluded that the Ohio rule requiring a motion for new trial to be filed without unreasonable delay was a clearly established independent state procedural rule that had been enforced against Farmer. *Id.* at PageID 17-18. It also concluded that Farmer's excuses for the delay were insufficient and recommended dismissal with prejudice. *Id.* at PageID 20. After Farmer objected and Judge Rose recommitted the case, the Magistrate Judge reached the same conclusion on reconsideration (Supplemental Report, ECF No. 6). Judge Rose adopted both Reports in the judgment Farmer now seeks to alter (ECF No. 8).

Farmer claims *Martinez v. Ryan*, 566 U.S. ___, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (2012), excuses his procedural default (Motion, ECF No. 9, PageID 34). In *Martinez* the Supreme Court held, with respect to the adjudication of ineffective assistance of trial counsel claims in Arizona, that:

> [W]hen a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances. The first is where the state

2

> courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial. The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington,* 466 U. S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit. Cf. *Miller-El v. Cockrell*, 537 U. S. 322, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (describing standards for certificates of appealability to issue).

132 S. Ct. at 1318-1319.  In *Trevino v. Thaler*, ___ U.S. ___, 133 S. Ct. 1911, 185 L. Ed. 2d 1044 (2013), the Court extended *Martinez* to the Texas system.  The Sixth Circuit has not yet decided whether *Martinez* and *Trevino* apply to the Ohio post-conviction process.  See *McGuire v. Warden*, 738 F.3d 741 (6th Cir. 2013).

Assuming they do apply, they are of no assistance to Farmer.  Ohio distinguishes between ineffective assistance of trial counsel claims which are provable from the record on direct appeal and those which depend on evidence outside the appellate record.  The former class of claims must be brought in the direct appeal while the latter must be brought in a petition for post-conviction relief under Ohio Revised Code § 2953.21.  See *McGuire*, 738 F.3d at 751-52. *Martinez* and *Trevino* do not speak to Farmer's delay in bringing his delayed motion for new trial because there is no constitutional right to the assistance of counsel in preparing for and filing such a motion.

Farmer argues this Court has failed to follow *House v. Bell*, 547 U.S. 518 (2006), but does not say how.  The Supplemental Report compared the evidence of actual innocence in *House* with what Farmer has presented here and concluded Farmer had not made a persuasive claim of actual innocence (ECF No. 6, PageID 27-28).  Farmer has not shown how that analysis constitutes a "manifest error of law."

As an alternative to amending the judgment to grant habeas relief, Farmer argues for a certificate of appealability (ECF No. 9, PageID 35). A certificate was denied by Judge Rose upon finding that reasonable jurists would not disagree with the conclusions in the Report and Supplemental Report. While Farmer recites the standards for a certificate of appealability, it does not show how any other jurists have disagreed with the conclusion reached.

Farmer relies on *Castleberry v. Brigano,* 349 F.3d 286 (6th Cir 2003), as somehow critical of the process followed here. Castleberry raised habeas corpus claim under *Brady v. Maryland*, 373 U.S. 83 (1963), about three sets of witness statements withheld from him by the State. The Sixth Circuit found that only conflicting witness testimony was presented at Castleberry's murder trial, "no physical or forensic evidence was introduced to link Castleberry to the crime." 349 F.3d at 289. Given that state of the trial evidence, the court concluded the withheld statements were material and issued the writ.

In *Castleberry*, the Sixth Circuit ruled on the merits of the *Brady* claims. The opinion does not suggest there was any procedural default issue in the case. Thus *Castleberry* does not show any manifest error of law in this Court's decision, which focuses on Farmer's procedural default and not the materiality of the Rismiller impeachment evidence.

Therefore it is respectfully recommended that the Motion to Alter or Amend the judgment be DENIED. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to

proceed *in forma pauperis*.

January 11, 2016.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).