# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DAVID A. FARMER,

        Petitioner,  :  Case No. 3:15-cv-389

- vs -      District Judge Thomas M. Rose
    Magistrate Judge Michael R. Merz

JASON BUNTING, Warden,
 Marion Correctional Institution,

                                  :

        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS ON MOTION TO AMEND THE JUDGMENT

      This habeas corpus case is before the Court on Petitioner David Farmer's Objections (ECF No. 11) to the Magistrate Judge's Report and Recommendations (ECF No. 10) recommending Petitioner's Motion to Alter or Amend the Judgment (ECF No. 9) should be denied.  Judge Rose has recommitted the matter for reconsideration in light of the Objections (ECF No. 12).

    Farmer offers no objections to the substance of the Report and Recommendations, but rather to the Magistrate Judge's having any involvement with the Rule 59 Motion which he claims

> was specifically addressed to the District Court Judge of the Court, as a pleading seeking reconsideration of an order and judgment entered by the district court judge himself.  There is no notice of resignment [sic] of the case to the Magistrate Judge, nor any agreement to any such conditions. Petitioner thus takes issue with the Magistrate Judge's interception of his Motion directed to the

1

> District Court Judge pursuant to Rule 59(e), Fed. R. Civ. Proc. He believes the Magistrate lacked authority or jurisdiction for a report and recommendation. . .

(ECF No. 11, PageID 42.)

This Court's General Order of Assignment and Reference (Dayton General Order No. 13-01) provides in pertinent part

> **Referral of Cases by Category**
>
> Pursuant to 28 U.S.C. §636(b), the following categories of cases filed at the Dayton location of court are referred by this Order to the United States Magistrate Judge to whom the case has been assigned who is authorized to perform in each such case any and all functions authorized for full-time United States Magistrate Judges by statute. In each such case the Magistrate Judge shall proceed in accordance with Fed. R. Civ. P. 72. * * *
>
> **6. Post-Conviction Relief:** All cases collaterally attacking a criminal judgment, including without limitation those filed under 28 U.S.C. §§2241, 2254, or 2255. All such cases shall be assigned and are referred by this Order to Magistrate Judge Merz.

What is referred by the General Order is whole cases, not parts of cases. This while a habeas petitioner is entitled to a final judgment on a post-judgment motion by a District Judge, he is not entitled to preclude a Magistrate Judge from making a recommendation on post-judgment motions. That is what is contemplated by the General Order and Petitioner cites no law prohibiting District Judges from referring motions of this type to the Magistrate Judge. Of course, because a Rule 59 motion is made post-judgment, a Magistrate Judge cannot decide such a motion, but must make a recommendation to the assigned District Judge. *McLeod, Alexander, Powel & Appfel, P.C. v. Quarles*, 925 F.2d 853 (5th Cir. 1991). Thus Farmer's objection that the Maigstrate Judge lacked authority to consider the Motion is not well taken.

Farmer also objects that "the actions of the Magistrate Judge served to address affirmative defenses *sua sponte* or was devised to alter the course of procedural default applications to the benefit of the respondent." (ECF No. 11, PageID 42.)

All of the Court's analysis in this case, including the recommendation to dismiss the Petition as procedurally defaulted, have been done *sua sponte*. The Magistrate Judge's initial recommendation was done *sua sponte* as is prescribed by Rule 4 of the Rules Governing § 2254 Cases (See Report and Recommendations, ECF No. 3, PageID 13.)  But the Sixth Circuit has held it is not inappropriate for the Court to raise a procedural default defense *sua sponte*. *White v. Mitchell,* 431 F.3d 517, 524 (6th Cir. 2005); *Sowell v. Bradshaw*, 372 F.3d 821, 830 (6th Cir. 2004); *Lorraine v. Coyle*, 291 F.3d 416 (6th Cir. 2002)(§ 2254 capital case)*; White v. Mitchell,* 431 F.3d 517, 514 (6th Cir. 2005)(capital case); *Elzy v. United States,* 205 F.3d 882 (6th Cir. 2000)(§ 2255 case).  Rule 4, which requires a court consider a petition to decide whether to order an answer would have little meaning if the Court could not consider *sua sponte* whether there had been a procedural default.

Accordingly, Farmer's Objections are not well taken and should be overruled.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

January 26, 2016.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## 'NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).