# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DAVID A. FARMER,

        Petitioner,    :    Case No. 3:15-cv-389

  - vs -                          District Judge Thomas M. Rose
                                     Magistrate Judge Michael R. Merz

JASON BUNTING, Warden,
 Marion Correctional Institution,

                                      :

        Respondent.

## SECOND SUPPLEMENTAL REPORT AND RECOMMENDATIONS ON MOTION TO AMEND THE JUDGMENT

This habeas corpus case is before the Court on Petitioner David Farmer's Objections (ECF No. 11) to the Magistrate Judge's Report and Recommendations (ECF No. 10) recommending that Petitioner's Motion to Alter or Amend the Judgment (ECF No. 9) should be denied. Judge Rose recommitted the matter for reconsideration in light of the Objections (ECF No. 12) and the Magistrate Judge filed a Supplemental Report on January 26, 2016 (ECF No. 13).

On January 27, 2016, the Clerk received an additional filing from Petitioner entitled "Article III Violation Directed to District Judge Concerning Dispositive Motion Application for Certificate of Appealability." (ECF No. 14.)  This document purports to have been mailed January 15, 2016, and is therefore deemed filed as of that date. *Houston v. Lack,* 487 U.S. 266 (1988).  Thus this most recent filing, which also objects to the Report and Recommendations on

1

the Petitioner's Rule 59(e) Motion, was deemed legally filed before Judge Rose's Recommittal Order. Thus the Supplemental Report and Recommendations requires this addition to deal with the new filing.

Most of the arguments made in this new filing have already been dealt with in the Supplemental Report and Recommendations. The one new point made is that Farmer seeks a certificate of appealability "concerning this matter because jurists of reason would find it debatable whether the Magistrate Judge's actions are clearly erroneous, or constitute an abuse of discretion. Or that petitioner's pleading should have been resolved in a different manner." (ECF No. 14, PageID 49.)

Farmer is unclear upon which issue he seeks a certificate of appealability. If it is on the substance of his habeas corpus petition, Judge Rose has already decided that no certificate should be permitted on those issues (Entry and Order, ECF No. 8, PageID 32-33). Farmer is of course free to re-apply to the Sixth Circuit for such a certificate.

If a certificate is sought on the question of whether it was proper for the Magistrate Judge to consider the Rule 59(e) Motion as referred under the Dayton General Order of Assignment and Reference, Farmer has cited no authority in which another jurist, reasonable or not, has interpreted a similar order in a different way. Reference of entire habeas corpus cases to Magistrate Judges is a very common practice in the United States Courts across the nation. The Magistrate Judge knows of no authority forbidding reference by a general order and requiring that it be done on a motion-by-motion basis. To thus interpret Fed. R. Civ. P. 72 would be contrary to the purpose of the Civil Rules "to secure the just, speedy, and inexpensive determination of every action and proceeding." Because he has not shown any other jurist who

2

agrees with his position, Farmer should be denied a certificate of appealability on the question whether the Magistrate Judge properly considered and rendered a report and recommendations on the Rule 59(e) motion under 28 U.S.C. § 636(b)(2)(3).

January 28, 2016,

*s/ Michael R. Merz*
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).