# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DAVID A. FARMER,

        Petitioner,    :    Case No. 3:15-cv-389

- vs -    District Judge Thomas M. Rose
    Magistrate Judge Michael R. Merz

JASON BUNTING, Warden,
 Marion Correctional Institution,

                                                                  :

        Respondent.

## REPORT AND RECOMMENDATIONS ON MOTION FOR REMOVAL OF MAGISTRATE JUDGE

        This habeas corpus case is before the Court on Petitioner David Farmer's Motion for Removal of Magistrate Judge from Case (ECF No. 19).  Farmer complains that the Magistrate Judge has taken action in the case after the District Judge entered judgment on December 22, 2015, on the theory that entry of judgment deprive the Magistrate Judge of authority to act.

        The docket shows that Judge Rose entered judgment on December 22, 2015, dismissing the Petition with prejudice, denying a certificate of appealability, and certifying to the Sixth Circuit that an appeal would not be in good faith (ECF No. 8).  Shortly thereafter Petitioner filed a Motion to Alter or Amend the Judgment (ECF No. 9).  Pursuant to Dayton General Order No. 13-01, all "cases" seeking post-conviction relief filed at the Dayton location of court are referred to the undersigned Magistrate Judge.  The referral of a case does not end with judgment, but continues thereafter as long as motions are filed in the case.  Prior to judgment, Magistrate

1

Judges are authorized by 28 U.S.C. § 636(b)(1) to decide some matters and make recommendations on others. Post-judgment, any referral to a Magistrate Judge requires a recommendation. Magistrate judges may be delegated post-trial matters, particularly Rule 60(b) motions, under § 636(b)(3). *McLeod, Alexander, Powel & Appfel, P.C. v. Quarles*, 925 F.2d 853 (5th Cir. 1991).

Farmer asserts that the judgment "rendered the controversy moot." (Motion, ECF No. 19, PageID 60). But he has not treated it as moot, filing a motion to amend the judgment which plainly must be ruled upon by this Court.

Farmer invokes *res judicata,* collateral estoppel, separation of powers, and the Ex Post Facto Clause of the Constitution. None of those doctrines forbid referral of post-judgment motions to a Magistrate Judge. The assigned District Judge retains complete discretion to remove a Magistrate Judge from a case or part of a case, for cause or for no cause at all. But it is the District Judges and not the parties who decide which matters shall be referred to a Magistrate Judge.

Because Petitioner has shown no violation of law in the Magistrate Judge's exercise of jurisdiction over the post-judgment matters in this case, his Motion for Removal should be DENIED. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any

appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

February 22, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).